O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RODGRIGUEZ,<br><br>        Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>        Defendant. | Case No. ED CV 16-2150 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Robert Rodriguez ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed his credibility. (*See* Joint Stip. at 4-13, 20-22). The Court addresses Plaintiff's contention below, and finds that reversal is not warranted.

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); (Joint Stip. at 2 n.1.)

1

must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least seven valid reasons for finding Plaintiff "less than fully credible." (Administrative Record ("AR") at 33.)

First, Plaintiff was not compliant with his treatment recommendations for his diabetes and diabetes related symptoms. (AR at 34, 73, 370-71, 373-74, 421); *see Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (ALJ did not err by discounting claimant's testimony based on failure to follow prescribed treatment); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (noncompliance with a prescribed course of treatment is a relevant consideration in assessing a claimant's credibility).

Second, treatment notes indicate Plaintiff's back pain and neuropathy-related symptoms improved with physical therapy.[2] (AR at 34, 466, 468); *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 599 (9th Cir. 1999) (ALJ properly discredited claimant's subjective complaints by citing physician's report indicating that symptoms improved with treatment); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled with treatment are not disabling).

Third, Plaintiff's testimony that he needed to lay down for six hours in an eight hour work day is not supported by the record and is inconsistent with his effective physical therapy. (AR at 33-34, 466, 468); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between claimant's testimony and conduct supports rejection of claimant's credibility); *Volk v. Colvin*, 2014 WL 4161903, at *3 (D. Or. Aug. 18, 2014) (conflict between testimony that claimant needed to lie down often and medical record provided justification for credibility finding).

---

[2] The ALJ also noted that Plaintiff testified he was recently approved for further physical therapy, which "suggests that it is alleviating his symptoms." (AR at 34, 76.)

2

Fourth, Plaintiff's testimony that he had monthly, and sometimes daily, asthma attacks conflicted with the medical evidence, including that he received only one emergency treatment for an exacerbation episode. (AR at 34, 295, 389-98, 422); *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony); *Burt v. Berryhill*, 2017 WL 4180866, at *5 (E.D. Cal. Sept. 20, 2017) (although claimant had a demonstrated history of asthma, ALJ properly relied on lack of medical evidence supporting subjective complaints of disabling condition).

Fifth, Plaintiff's treatment was routine and conservative, and did not include consistent treatment with a specialist or surgery. (AR at 34-35); *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (internal citation omitted); *Edginton v. Colvin*, 625 F. App'x 334, 336 (9th Cir. 2015) (ALJ properly relied on claimant's "routine and conservative" back treatment, which generally consisted of medication and transcutaneous electrical nerve stimulation).

Sixth, Plaintiff's conditions were largely controlled with medication and follow-up visits. (AR at 34-35, 57, 78); *Lindquist v. Colvin*, 588 F. App'x 544, 547 (9th Cir. 2014) (ALJ properly discounted claimant's testimony in part because symptoms were controlled by medication); *Warre*, 439 F.3d at 1006.

Seventh, Plaintiff's allegations of totally disabling symptoms conflicted with the lack of consistent or extended restrictions from his treating physician. (AR at 34); *see Willens v. Berryhill*, ___ F. App'x ___, 2017 WL 4217452, at *1 (9th Cir. Sept. 22, 2017) (ALJ properly rejected claimant's credibility in part because "no physician made an assessment that [claimant] was disabled"); *Sherman v. Colvin*, 582 F. App'x 745, 748 (9th Cir. 2014) (credibility determination supported in part because "[n]o doctor placed any restrictions on [claimant]'s activities").

1 | The Court, however, agrees with Plaintiff that the ALJ improperly relied on his
2 | "daily" activities — going church one to two times a week, driving "sometimes," and
3 | preparing simple meals — in discounting his credibility. (Joint Stip. at 7-8, 22; AR at
4 | 33, 75, 77-79, 281); *see Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (ALJ must
5 | make "specific findings related to [the daily] activities and their transferability to
6 | conclude that a claimant's daily activities warrant an adverse credibility
7 | determination"); *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (the mere
8 | fact that claimant "carried on certain daily activities, such as grocery shopping, driving
9 | a car, or limited walking or exercise, does not in any way detract" from credibility as
10 | to overall disability).

However, any such error is harmless in light of the other valid reasons for rejecting the testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (when ALJ provides specific reasons for discounting claimant's credibility, decision may be upheld even if certain reasons were invalid as long as "remaining reasoning and ultimate credibility determination" were supported by substantial evidence (emphasis omitted)); *Strutz v. Colvin*, 2015 WL 4727459, at *7 (D. Or. Aug. 10, 2015) (upholding credibility finding because ALJ provided at least one valid reason to discount claimant's testimony).

Thus, the ALJ's assessment of Plaintiff's credibility does not warrant reversal.

//

//

//

//

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: November 28, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*